# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**                                              **CRIMINAL ACTION NO. 4:05CR95**

**HEZEKIAH PATTON**

## ORDER

This cause is before the Court on defendant Patton's Motion for Interdivision [sic] Transfer for Racial/Jury Composition Reasons and for Rule 18 Reasons [714-1].[1] The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant Patton seeks a change of venue for purposes of trial based on Rule 18 of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution. He urges that the Court's decision to grant a co-defendant's prior motion seeking a change of venue was ill-advised and failed to take into account important considerations under Rule 18. In addition, he avers that conducting the trial in Oxford will violate his constitutional right to have a jury comprised of a fair cross-section of the community based on demographic differences in the Greenville and Western divisions.

Rule 18 requires only that "[t]he court must set the place of trial within the district with due

---

[1] Defendants Refugio Barron, Jr., Earl Webster, Toris Jackson and Kevin Matthews filed motions to join in the present motion. The Court granted those motions for joinder by way of separate order. The disposition of the instant motion therefore applies to these defendants as well.

regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." There is no divisional venue in criminal cases and the Fifth Circuit has unequivocally held that a defendant has no constitutional right to be tried in a particular division within a district. United States v. Duncan, 919 F.2d 981, 985 (5th Cir. 1990).

Defendant Patton urges that the Court's decision to transfer the case from Greenville to Oxford was based solely on the convenience of a single attorney who later withdrew from the case. Even a cursory reading of the Court's March 1, 2006 Order reveals that the Court did not rely solely on the grounds urged by the movant for the transfer. Instead, the Court properly weighed factors such as the convenience of the defendants and witnesses–an argument raised by defendant Anthony Anderson–against critical security considerations and the possible prejudicial effect of pretrial publicity on potential jurors. United States v. Lipscomb, 299 F.3d 303, 343 (5th Cir. 2002) (pretrial publicity is an appropriate consideration with regard to Rule 18 transfer); United States v. Harris, 25 F.3d 1275, 1277-78 (5th Cir. 1994)(security concerns properly considered in deciding whether to grant intradivision transfer). Defendant Patton has offered nothing tending to refute the accuracy of the Court's judgment on these matters. In the absence of a strong showing of prejudice, the Court is under no obligation to grant defendant's motion for intradistrict transfer. Duncan, 919F.2d at 985.

Defendant Patton contends that the Court's decision to hold the trial at Oxford, Mississippi implicates his Sixth Amendment right to a jury drawn from a fair cross-section of the community. Specifically, he urges that as a black defendant, he has a legitimate interest in being tried in the Greenville Division because it is more densely populated by African Americans than is the Western Division. In support of his contentions, Patton offers a statistical breakdown of the racial makeup of the two divisions. He avers that blacks comprise forty-six percent of the populace in the

Greenville Division as compared to only thirty-one percent of the population in the Western Division. As further support for his argument, Patton submitted the affidavit of Boyd Atkinson, an attorney who practices in the Northern District of Mississippi. Atkinson attested:

> I am familiar with the racial composition of juries in the Mississippi Delta area and, in my opinion, there is a high likelihood that from any venire drawn from a Mississippi Delta County or Counties, at least one-half of the venire persons would be members of the black race and, more than likely, more than one-half of the members of a petty [sic] jury drawn from any County in the Mississippi Delta would be composed of members of the black race.
>
> It is my considered, professional judgment that a black defendant (with the exception of black on black crime) has a far greater chance of being acquitted by a black jury or a jury substantially composed of blacks than he does of being acquitted by a jury substantially and the majority of which is comprised of white persons.
>
> . . .
>
> In my considered professional judgment, a black defendant in a federal court case in the Northern District of Mississippi, tried at Oxford, has an appreciably less chance of obtaining black jurors than the same defendant tried in either the Delta Division or the Greenville Division due to the cultural and racial makeup of the Mississippi Delta as opposed to the Northeast Mississippi hill County area.

Exhibit E. to defendant's Motion for Interdivision Transfer.

In short, Patton argues that the fifteen percent margin of difference in the population of the two divisions is of constitutional significance because he is less likely to draw a predominantly black jury in the Western Division, thereby reducing his chances of acquittal.

The government's response focuses on defendant's inability to establish the elements of his Sixth Amendment claim. In order to make out a prima facie case, defendant Patton must demonstrate: 1) that the group alleged to be excluded is a "distinctive" group in the community; 2) the representation of this group in the venire panel is not reasonable in relation to the number of such persons in the community; and 3) that this under-representation is due to systematic exclusion in the

3

jury selection process. While the government concedes the first element, it maintains that Patton's proof is insufficient with regard to the remaining two elements. The prosecution points out that when compared to the population in the Northern District as a whole, the average percentage of potential black jurors in the Western Division (thirty-one percent) is only six percent less than that for the entire Northern District (thirty-seven percent). When viewed from this perspective, the representation of blacks in the Western Division venire panel is reasonable in relation to the number of such persons in the community. As a further matter, the defendant has offered absolutely no evidence in support of his assertion that "virtually all criminal trials are arbitrarily set for and held at Oxford, Western Division." Defendant's Motion at p. 2. Assuming for the sake of argument that such a practice exists, the defendant failed to offer any proof that the Court's motive is based on the racial composition of the counties in the Western Division. To the extent that Oxford is assigned more cases, it is largely attributable to the fact that two of the Northern District's four federal judges sit in Oxford. Furthermore, because Oxford affords superior security, it is a better location for trials involving potentially dangerous criminals or multiple defendants who are incarcerated. Harris, 25 F.3d at 1278.

A defendant is not entitled to a jury of any particular composition, any racial composition, or to a jury composed, wholly or in part of persons of the defendant's own group or race. Taylor v. Louisiana, 419 U.S. 522 (1975); City of Mobile, Alabama v. Bolden, 446 U.S. 55 (1980); Swain v. Alabama, 380 U.S. 202 (1965); Powers v. Ohio, 499 U.S. 400 (1991). In United States v. McKinney, a Fifth Circuit case addressing the issue presented herein, the appellate court found that the defendant was not entitled to an intra-district transfer even though the alleged crime occurred in another division, the defendant and witnesses lived in another division and the jury pool in another

division would have provided a more racially balanced jury.  United States v. McKinney, 53 F.3d 664, 673 (5th Cir. 1995).  The Fifth Circuit explicitly noted that "[a]n attempt to influence the racial balance of the jury by setting the case in a particular division would not have been appropriate or acceptable and there was no indication that the district court considered the racial composition of the various divisions" in reaching its decision.  For the reasons articulated above as well as those iterated in the Court's March 1, 2006 Order,

    IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Patton's Motion for Interdivision [sic] Transfer for Racial/Jury Composition Reasons and for Rule 18 Reasons [714-1] is not well-taken and should be, and hereby is, DENIED.

    SO ORDERED, this the 19th day of July, 2006.

    /s/ W. Allen Pepper, Jr.
    W. ALLEN PEPPER, JR.
    UNITED STATES DISTRICT JUDGE